## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
        Plaintiffs

        vs.

PENNEY CONSTRUCTION CORP.,
        Defendant

        and

T.R. WHITE CO., INC.,
        Reach-and-Apply Defendant

        and

SOVEREIGN BANK,
        Trustee

**04 - 12463 MLW**

MAGISTRATE JUDGE _____

C.A. No.

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _F.D.M_
DATE 11 22 04

## COMPLAINT

## NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit

plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.    The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.    Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.    Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.    Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.      Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.      The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8.      Defendant Penney Construction Corp. (hereinafter "Penney" or "the Employer") is a Massachusetts corporation with a principal place of business at 85 Charles Street, Bridgewater, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

9.      Reach-and-Apply Defendant T.R. White Co., Inc. (hereinafter "T.R. White") is a Massachusetts corporation with a principal place of business at 368 Congress Street, South Boston, Massachusetts. Upon information and belief, Penney worked as a subcontractor to T.R. White on the Milton, Massachusetts project that is the subject of this suit. The Funds have a legal or equitable interest in any payments due Penney from T.R. White for work conducted on this or any other project.

10.      Sovereign Bank, on information and belief, is holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11.      On or about June 30, 1997, defendant Penney agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any

successor agreements. A copy of Penney's signed agreement ("short form agreement") is attached hereto as Exhibit A.

12.    Because of the short form agreement, Penney has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the agreement which is effective from June, 1999 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

13.    The Agreement requires Penney to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement.

14.    Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

15.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 supra.

16.    Using remittance reports, the Funds determined that Penney owes $15,478.18 in unpaid fringe benefit contributions and dues for work done on a Milton, Massachusetts project for the period August, 2003 through January, 2004.

17.    By letter dated September 2, 2004, the Funds' attorney sought payment of these delinquent contributions and interest owed thereon. A copy of that letter is attached hereto as Exhibit C.

18.    To date, Penney has failed to pay the Funds the $15,478.18 in contributions and dues owed for the period August, 2003 through January, 2004. It has also failed to pay the interest owed.

19.    The failure of Penney to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

20.    Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and the Funds and their participants will be irreparably damaged.

21.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA -
## DELINQUENT CONTRIBUTIONS AND INTEREST

22.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

23.    The failure of Penney to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA DUES

24.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 supra.

25.    Upon information and belief, Penney deducted dues from its employees' paychecks and failed to remit them to the Union.

26.    The failure of Penney to remit the dues it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT IV - REACH-AND-APPLY AGAINST T.R. WHITE CO., INC.

27.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-26 supra.

28.    Upon information and belief, Penney worked as a subcontractor to T.R. White on the Milton, Massachusetts project that is the subject of this suit. The Funds have a legal or equitable interest in any payments due Penney from T.R. White for work conducted on this or any other project.

29.    Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Penney.

30.    The funds held by T.R. White cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

### RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.    Order the attachment of the machinery, inventory and accounts receivable of defendant Penney;

b.    Order the attachment by trustee process of the bank accounts of Penney held by Sovereign Bank;

c.    Enter a preliminary and permanent injunction enjoining Penney from refusing or failing to make contributions and pay dues and interest to Plaintiff Funds;

d.    Enter judgment in favor of the Plaintiff Funds in the amount of $15,478.18 plus any additional amounts determined by the Court to be owed by Penney or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount

equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

     e.    Enter a temporary restraining order against T.R. White and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Penney on account of sums that are due or will hereafter become due Penney from T.R. White; and

     f.    Such further and other relief as this Court deem appropriate.

               Respectfully submitted,

               LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

               By their attorneys,

               Anne R. Sills, Esquire
               BBO #546576
               Gregory A. Geiman, Esquire
               BBO #655207
               Segal, Roitman & Coleman
               11 Beacon Street
               Suite #500
               Boston, MA  02108
               (617) 742-0208

Dated:  November 19, 2004

ARS/gag&ts
3118 04-370/complt.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Louis G. Rasetta and John H. Shaughnessy,
    as they are Trustees, I.U.O.E. Local 4 Health and Welfare Funds, et al vs. Penney
    Construction Corp. and Reach-and-Apply Defendant T.R. White Co., Inc.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE
    CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).
    N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?                                                                  YES ☐       NO ☒

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?  (SEE 28 USC 2403)                                     YES ☐       NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                            YES ☐       NO ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
    TITLE 28 USC 2284?                                                      YES ☐       NO ☒

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
    (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                          YES ☐       NO ☒
    OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
    (SEE LOCAL RULE 40.1(D)).                                               YES ☐       NO ☒

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
    THE DISTRICT?                                                           YES ☐       NO ☒
    (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐   N/A   OR WESTERN SECTION: YES ☐       NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Gregory A. Geiman

ADDRESS Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108

TELEPHONE NO. (617) 742-0208

(Catcgfrm.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anne R. Sills, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108

## DEFENDANTS

Penney Construction Corp. and Reach-and-Apply Defendant T.R. White Co., Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS **A CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions)  N/A

JUDGE _____   DOCKET NUMBER _____

DATE
11/19/04

SIGNATURE OF ATTORNEY OF RECORD
_Gregory Merion_

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AGREEMENT covering wages, working rules, and other conditions of employment entered into between *Penney Construction Corp.*, and International Union of Operating Engineers Local 4 and its Branches.

1.  The Local is recognized as the sole and exclusive representative of the employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment.  The Employer shall not make any agreement in conflict with the provisions of this Agreement.

2.  The Employer hereby adopts and agrees to abide by all of the terms and conditions of the Collective Bargaining Agreement now prevailing or as they shall prevail by and between Local 4 and the four Employer Associations hereinafter named.

The Associations are:

   Labor Relations Division of Construction Industries of Mass.
   Associated General Contractors of Massachusetts, Inc.
   Building Trades Employers Association of Boston and Eastern Mass.
   Foundation & Marine Contractors Association of New England, Inc.

3.  The Local agrees to comply with all union obligations contained in the aforementioned Collective Bargaining Agreements.

4.  The Collective Bargaining Agreements between the Employer Associations and the Local provides, among other things, for contributions to the Health and Welfare Fund, Pension Fund, Apprentice and Training Fund, and Annuity Fund, and the Employer agrees to be bound by the terms of the respective Agreements and Declarations of Trust and designates as its representatives on the Boards of Trustees such Trustees as have been designated Employer Trustees in the manner provided in the Agreements and Declarations of Trust.

5.  This Agreement shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consolidation, sale, transfer, assignment, joint venture, or any combination or other disposition of the Employer.

6.  The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned Collective Bargaining Agreement with the named Associations, and shall continue in effect in each or any particular said contract instance, unless the Employer gives the Local notice of desired change or termination of a particular Collective Bargaining Agreement aforementioned in keeping with the applicable notice provisions contained therein. The Employer acknowledges and agrees to the continuity of Employer obligations on his part with respect to Health and Welfare, Pension, Apprentice Training and Annuity Trusts contained in said aforementioned Collective Bargaining Agreements pending negotiations of any new agreement by and between the Local and the aforementioned Associations and/or between the Employer and the Local.

WITNESS OUR HAND AND SEAL THIS *30th* DAY OF *June, 1997*

FOR THE EMPLOYER

*Penney Construction Corp.*
COMPANY

*85 Charles St.*
ADDRESS

*Bridgewater Ma. 02324*
CITY        STATE        ZIP

*Harold H. Penney Jr. Pres*
BY                      TITLE

*508-697-3417*
TELEPHONE NUMBER

FOR THE LOCAL

*William C. Ryan*
BUSINESS MANAGER

*James T. Griffin*
PRESIDENT

*Louis G. Rasetta*
RECORDING SECRETARY

BODY ACCEPTS
*7/16/97*

EXEC BD REC
*7/9/97*



1999-2003

**MASTER DOCUMENT**

with

**CONTRACT EXTENSION**

**to May 31, 2005**

and

Provisions of the Agreements

between

**INTERNATIONAL UNION OF
OPERATING ENGINEERS
Local 4 and its Branches**

and

**Labor Relations Division of
Construction Industries of Massachusetts**

**Foundation & Marine Contractors
Association of New England, Inc.**

**Building Trades Employers Association
of Boston and Eastern Massachusetts**

**Labor Relations Division of the
Associated General Contractors of
Massachusetts, Inc.**

# PART TWO
## MASTER DOCUMENT

*Part Two – Article XI*
### HEALTH & WELFARE, PENSION, ANNUITY, ANNUITY & SAVINGS COOPERATIVE TRUST AND APPRENTICE PROGRAM FUNDS

*Section 1.* Each Employer who is a party to this Agreement agrees to and shall pay and contribute an amount equal to that shown under "Schedule of Wages" in this Agreement to the following Funds:

(a) International Union of Operating Engineers Local 4 Health and Welfare Fund, hereinafter referred to as the "Welfare Fund."

(b) International Union of Operating Engineers Local 4 Pension Fund, hereinafter referred to as the "Pension Fund."

(c) International Union of Operating Engineers Local 4 Annuity and Annuity & Savings 401(k) Fund, hereinafter referred to as the "Annuity and Annuity & Savings Funds."

(d) Hoisting and Portable Engineers Local 4 Apprentice and Training Program, hereinafter referred to as the "Apprentice Program Fund."

(e) International Union of Operating Engineers Local 4 Labor Management Cooperative Trust, hereinafter referred to as the "Cooperative Trust."

54

*Section 2.* The respective rates per hour as shown in the "Schedule of Wages" in the Agreement shall be paid for each payroll hour (with the exception of Annuity contributions, an overtime hour for this purpose shall be considered a single hour) and proportionately for each part of such an hour for each person covered by this Agreement and employed on construction projects on which the Employer shall be engaged or otherwise in the hire of the Employer. Overtime contributions to the Annuity Fund shall be paid at time and one-half for all classifications of overtime.

(a) Upon proper written authorization on a form furnished by the Local Union, the Employer may withhold from the employee's gross wage before any deduction for taxes, an amount as established from time to time by the Annuity Trustees, for deposit in the Annuity & Savings 401(k) Plan, a Retirement Plan intended to qualify under the Employee Retirement Income Security Act of 1974 (ERISA).

*Section 3.* On or before the tenth day of each month, the said payment shall be due and payable for all such payroll periods ending the next preceding month; but in the case of operations of less than a month's duration, or in the case of Employers who are repeatedly delinquent in payments, the payment shall be due weekly and payable within three (3) days after the end of the payroll week.

*Section 4.* Payments not received at the Fund Office by the last day of the month following the

55

month during which the work was performed will be assessed interest at the rate of one (1%) percent per month.

*Section 5.* The Employer agrees that the obligations to make payments shall be on a parity with and enforceable, with respect to each Fund, as the obligation to pay wages, and this inclusive of the priorities incident to and in proceedings for the relief of debtors; and this Article shall bind all legal representatives, successors, and assigns of an Employer.

*Section 6.* The Trustees, or representatives when authorized by the Trustees in each case, shall have the right to inspect at all reasonable times, the individual payroll records and such other records of an Employer as are deemed necessary and pertinent to determine whether such Employer is making due and full payment of its Employer Contributions.

*Section 7.* Failure of the Employer to comply with this Article or any part thereof may be treated by the Local as a breach of the working agreement between the Local and the defaulting Employer; and notwithstanding other provisions of this Agreement (Arbitration Article XVII, or otherwise to the contrary, immediate work stoppage and use of picket lines against such defaulting Employer are permitted. Any cost, inclusive of legal fees, incurred by the Local, or the Funds, in the collection of obligations to make payment due the Welfare, Pension, Annuity, Annuity & Savings, Cooperative Trust and Appren-

56

tice Program Funds shall be borne by the defaulting Employer.

*Section 8.* Notwithstanding any termination or cancellation under this Agreement or otherwise, the obligations of this Article and of the several Declarations of Trust shall be deemed continuous and the Health and Welfare Fund, Pension Fund, Annuity Fund, Annuity & Savings Fund, Cooperative Trust and Apprentice Program Fund shall not be discontinued pending negotiations of a new Agreement.

*Section 9.* The Health & Welfare, Pension, Annuity, Annuity & Savings, Cooperative Trust and Apprentice Program Funds shall be respectively administered by three (3) Trustees appointed and/or elected by the Local and three (3) Trustees appointed by the Association (unless it shall be mutually agreed to decrease the number of Trustees or to consolidate the Welfare Fund, Pension Fund, Annuity Fund, Annuity & Savings Fund, Cooperative Trust and Apprentice Program Fund with the Funds respective of other similar Funds) under one or more Agreements and Declarations of Trust as they are or shall be executed by such Trustees.

*Section 10.* The Welfare Fund shall be used for the purpose of providing health and welfare benefits for employees covered by this Agreement and their dependents by means of insurance or otherwise at the discretion of the Trustees.

*Section 11.* The Pension Fund shall be used for the purpose of providing pension benefits for employees

57

covered by this Agreement by means of insurance or otherwise at the discretion of the Trustees.

*Section 12.* The Annuity Fund shall be used for the purpose of providing pension benefits for employees covered by this Agreement by means of Annuity contracts or otherwise at the discretion of the Trustees.

*Section 13.* The Annuity & Savings 401(k) Fund shall be used to assist the members in attaining their savings objectives.

*Section 14.* The Apprentice Program Fund shall be used for the purpose of providing and defraying costs of apprenticeship or other training programs.

*Section 15.* The Cooperative Trust shall be used for the purposes set forth in the Trust Agreement establishing said Trust.

*Section 16.* An Employer shall have the option of contributing or not contributing to the Joint Labor/Management Cooperative Trust and/or the Foundation For Fair Contracting of Massachusetts as provided herein. In the event the Employer opts not to contribute to either or both of the above named Funds, the amount of such contribution shall be added to the hourly wage rates contained herein. Each signatory Association may exercise this option for its members; non-association Employers shall exercise this option on an individual basis.

*Section 17.* From time to time the Building Committee, established to provide for increased industry requirements, shall determine what additional

58

Employer contributions, if any, are required to keep the Apprentice Program Fund fiscally sound.

### Part Two – Article XII
### LIABILITY INSURANCE

Each Employer shall, without cost to the employee, provide Liability Insurance coverage in the amount of $300,000 to $500,000 for all employees covered by this Agreement.

### Part Two – Article XIII
### OVERLOADED OR IMPROPERLY REGISTERED VEHICLES

*Section 1.* No employee shall be held responsible for equipment not properly registered or because a permit was not obtained under any applicable law or regulation or for overloading a vehicle or for operating a vehicle or other equipment which is overloaded. In any such case, the Employer will assume the legal costs involved in the defense of the employee and shall pay any fines or other assessments levied against the employee. The Employer shall reimburse the employee for any working time lost in connection with any such proceeding.

*Section 2.* In the event the employee's operating license is suspended for reasons stated herein, the Employer shall be liable for the work opportunity lost at no less than his regular earnings.

59

*Part Two – Article XXIII*

## TERMINATION

*The terms and conditions of the Agreements between the Labor Relations Division – Construction Industries of Massachusetts, the Foundation & Marine Contractors Association of New England, Inc., the Building Trades Employers Association of Boston and Eastern Massachusetts; the Labor Relations Division of the Associated General Contractors of Massachusetts, Inc., and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, shall continue to and include May 31, 2003. These Agreements shall continue to be effective from year to year thereafter unless either party to an Agreement, at least sixty (60) days prior to May 31, 2003, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.*

*In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.*

70

## FOR THE EMPLOYERS

The Labor Relations Division
Construction Industries of Massachusetts, Inc.

The Foundation & Marine
Contractors Association of New England, Inc.

The Building Trades Employers
Association of Boston and
Eastern Massachusetts, Inc.

The Labor Relations Division
Associated General Contractors of
Massachusetts, Inc.

## FOR THE UNION

*William P. Ryan*, Business Manager

Business Representatives

*Paul J. Hayes*

*Robert W. Leatherbee*

*John C. Panaro*

*Louis G. Rasetta*

*Kevin N. Ryan*

*Norman A. Teed*

*Stephen L. Wyman*

71

# INTERNATIONAL UNION of OPERATING ENGINEERS – LOCAL #4

Wage Settlement June 1, 1999 – May 31, 2003

## WAGE SCHEDULE EFFECTIVE 12/01/99

### MASSACHUSETTS

| Classification | 6/1/99* | 12/1/99* | 6/1/00* | 12/1/00* | 6/1/01* | 12/1/01* | 6/1/02* | 12/1/02* |
|---|---|---|---|---|---|---|---|---|
| GROUP I | $26.77 | $27.01 | $27.79 | $28.53 | $29.41 | $30.29 | $31.27 | $32.25 |
| Daily Rate (Per Hour) | 29.96 | 30.29 | 31.16 | 32.00 | 32.99 | 33.97 | 35.07 | 36.17 |
| GROUP Ia (Boom length) | | | | | | | | |
| Over 150 feet | $ 1.17 | $ 1.21 | $ 1.24 | $ 1.28 | $ 1.32 | $ 1.35 | $ 1.40 | $ 1.44 |
| Over 185 feet | 2.06 | 2.12 | 2.18 | 2.24 | 2.31 | 2.38 | 2.45 | 2.53 |
| Over 210 feet | 2.89 | 2.97 | 3.06 | 3.14 | 3.24 | 3.34 | 3.45 | 3.55 |
| Over 250 feet | 4.38 | 4.51 | 4.64 | 4.77 | 4.91 | 5.06 | 5.23 | 5.39 |
| Over 295 feet | 6.07 | 6.24 | 6.42 | 6.60 | 6.81 | 7.01 | 7.24 | 7.46 |
| Over 350 feet | 7.07 | 7.27 | 7.48 | 7.69 | 7.93 | 8.16 | 8.43 | 8.69 |
| GROUP Ib | $29.96 | $30.29 | $31.16 | $32.00 | $32.99 | $33.97 | $35.07 | $36.17 |
| GROUP Ic | $27.77 | $28.01 | $28.79 | $29.53 | $30.41 | $31.29 | $32.27 | $33.25 |
| GROUP II | $26.60 | $26.83 | $27.61 | $28.34 | $29.21 | $30.09 | $31.06 | $32.04 |
| GROUP III | $21.11 | $21.19 | $21.80 | $22.38 | $23.07 | $23.76 | $24.52 | $25.29 |

72

| Classification | 6/1/99* | 12/1/99* | 6/1/00* | 12/1/00* | 6/1/01* | 12/1/01* | 6/1/02* | 12/1/02* |
|---|---|---|---|---|---|---|---|---|
| GROUP IV | | | | | | | | |
| a. Fireman | $23.69 | $23.85 | $24.54 | $25.18 | $25.96 | $26.74 | $27.60 | $28.47 |
| b. Other than TC/Gradall | 17.84 | 17.83 | 18.34 | 18.82 | 19.40 | 19.98 | 20.62 | 21.27 |
| c. TC or Gradall | 19.42 | 19.46 | 20.02 | 20.54 | 21.17 | 21.81 | 22.51 | 23.22 |
| d. Daily Rate (TC) | 20.99 | 21.07 | 21.67 | 22.24 | 22.93 | 23.61 | 24.38 | 25.14 |
| e. Scow Rate | 20.91 | 20.98 | 21.59 | 22.15 | 22.83 | 23.52 | 24.28 | 25.04 |
| Daily Rate Differential | | | | | | | | |
| GROUP II | $ 2.28 | $ 2.35 | $ 2.42 | $ 2.48 | $ 2.56 | $ 2.64 | $ 2.72 | $ 2.81 |
| GROUP III | $ 1.44 | $ 1.48 | $ 1.52 | $ 1.57 | $ 1.62 | $ 1.66 | $ 1.72 | $ 1.77 |
| Tunnel Differential | $ 1.77 | $ 1.82 | $ 1.87 | $ 1.92 | $ 1.98 | $ 2.04 | $ 2.11 | $ 2.18 |
| Health & Welfare | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Pension | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 |
| Apprenticeship | 0.30 | 0.30 | 0.30 | 0.30 | 0.35 | 0.35 | 0.35 | 0.35 |
| Annuity | 2.50 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| Foundation for Fair Contracting | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 |
| Joint Labor/Management Cooperation Trust | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits |

73

OTHER: Dues Assessment: 1¼% deducted from total Wage and Benefit Package; Social and Political Action Committee, 5¢ per hour.

*The Local may, at its option, utilize parts of these increments for increases to Health & Welfare, Pension, Annuity, Social and Political Action Committees, Dues Deduction, and the Foundation for Fair Contracting.

## GROUP I**

| | | | |
|---|---|---|---|
| Alpine Miners | Crusher Plants on site | Mechanical Hoist | Shaft Hoists |
| Asphalt Plant on site | Derrick Boats | Pavement Breakers | Shovel Dozers |
| Augers & Lo-Drills | Derricks | Micro-Tunneling | Shovels |
| Backhoes (Excavators) | Draglines | Boring Machines | Soil Mix Machines |
| Bobcats when used as | Elevating Graders | Mucking Machines | Steam Engines |
| Front End Loaders | Elevator Towers | Paving Concrete Mixers | Three Drum Machines |
| Boring Machines | Fork Lifts | Pile Drivers | Timber Jacks |
| Cable Ways | Front End Loaders | Post Hole Diggers | Trench Hoes |
| Cement Concrete Pavers | Gradalls | Post Hole Hammers | Trenching Machines |
| Cherry Pickers | Hoisting Engines | Power Shovels | Truck Cranes |
| Concrete Batching and/or | Hoists | Pumpcrete Machines | Two or more Drum Machines |
| Mixing Plants on site | Lighters | Road Headers | Uke Loaders |
| Cranes | | Rotary Drills | Waste Water Plants |

74

**Daily Rate:** (per hour), Same as Group 1b.
Truck Cranes
Fork Lifts
Cherry Pickers
Combination Hoe/Loader (Case 580 type machine)

**See Attached Schedule of Wages

---

## GROUP Ia (Boom Lengths)
Hourly added wages for boom lengths (including jib)
Over 150 feet
Over 185 feet
Over 210 feet      See Attached Schedule of Wages
Over 250 feet
Over 295 feet
Over 350 feet

These rates are applicable to cranes on roof or similar elevated positions. Engineers receiving any of the above wage rates shall be paid such rate for the full payroll period, even though the boom is shortened. (See Part One, Article VII, Sections 11, and 12).

75

## GROUP Ib**
Master Mechanics
Foreman Mechanics

## GROUP Ic**
Conventional (cable controlled) Clam Shell and Slurry Buckets
Heading Mechanics

**See Attached Schedule of Wages

## GROUP II**

Asphalt Pavers
Ballast Regulators
Bobcats when used as Bulldozers
Bulldozers
Cal Tracks
Cold Planers
Concrete Mixers with side loaders
Concrete Pumps
Directional Drilling Machines
Edgers
Graders
Grinders
Grout Pumps
John Henrys

Locomotives or machines used
   in place thereof
Mechanics, Maintenance
Mulching Machines
Paving Concrete Finishing
   Machines
Paving Screed Machines
Portable Steam Boilers
Portable Steam Generators
Rail Anchor Machines
Reclaimers
Rollers
Scrapers
Sonic or Vibratory Hammers

Spreaders
Stationary Steam Boilers
Swinger Engines
Switch Tampers
Tampers, Self-propelled or
   Tractor Drawn
Tandem Scrapers
Tire Trucks (when operated by
   Employer on job site)
Track Mounted, Self-Unloading
   Material Movers (with dozer blade)
Tractors
York Rakes

76

**See Attached Schedule of Wages

## GROUP III**

Augers-Powered by
   independent engines and
   attached to Pile Drivers
Compressors
Concrete Mixers
Concrete Vibrators
Conveyors
Generators

Heaters (power driven) (1-5)
Hydraulic Saws
Industrial Fork Lifts/
   Chisel Trucks
   (hoisting not over 9 feet)
Jackson Type Tampers
Lighting Plants
Pump(s) (1-3 grouped)

Single Diaphragm Pumps
Syphons-Pulsometers
Track Mounted, Self-Unloading
   Material Movers
Valves Controlling Permanent Plant
   Air Steam
Welding Machines(s) (1-3 grouped)
Wellpoint Systems (operating)

77

**See Attached Schedule of Wages

GROUP IV** Assistant Engineer

a. Assistant Engineer:  Fireman
b. Assistant Engineer:  Apprentices (other than Truck Cranes or Gradalls)
c. Assistant Engineer:  Apprentices (on Truck Cranes or Gradalls)
d. Assistant Engineer:  Daily Rate (Truck Cranes)
e. Scow Rate


**See Attached Schedule of Wages

- Machines grouped shall be within 200 feet.
- Any machine not expressly mentioned in the schedule shall be included in the appropriate grouping.
- High Speed Electric Conveyors, (See Part One 1, Article VII, Section 3.

- HELICOPTERS: Whenever a helicopter is used in hoisting and lifting, it shall be manned by a member of the Local at a rate to be established, if and when such type of operation is instituted.
- HAZARDOUS WASTE: Engineers required to work in the HOT ZONE will receive a $2.00 an hour wage differential.

78

---

## TERMINATION

The terms and conditions of this Agreement between the LABO RELATIONS DIVISION—CONSTRUCTION INDUSTRIES O MASSACHUSETTS, and the International Union of Operating Eng neers Local 4 and its Branches, effective June 1, 1999, were negot ated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union membership at a special Notified Meeting on November 20, 200 approved, a two year extension of the terms and conditions of th Contract, together with the schedule of wages appended to this si; nature page. The Agreement shall now continue to and include M; 31, 2005.

This Agreement shall continue to be effective from year to ye thereafter unless either party, at least sixty (60) days prior to May 3 2005, or prior to May 31st in any year thereafter gives notice in wr: ing to the other party of its intention to terminate said Agreeme and request that negotiations be entered into for its alteration amendment.

In the event that the parties hereto cannot reach an agreement least thirty (30) days prior to May 31st of any year, such party sh give notice of the failure to reach such agreement to the Fede: Mediation Service and the Massachusetts Board of Conciliation a: Arbitration.

### WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to signed by their duly authorized representatives, and have affixed hereto the seal their respective organizations, this twenty-fifth day of November, 2002.*

| FOR THE LABOR RELATIONS DIVISION CONSTRUCTION INDUSTRIES OF MASSACHUSETTS | FOR THE UNION |
|---|---|
| JOHN D. O'REILLY, III | WILLIAM P. RYAN |
| By: | Business Manager |
| COUNSEL | LOUIS G. RASETTA |
| Title: | President |
| November 26, 2002 | NORMAN A. TEED |
| Date: | Recording Secretary |
| | November 25, 2002 |
| | Date: |

79

## CONTRACT EXTENSION
### TERMINATION

The terms and conditions of this Agreement between the FOUN-DATION & MARINE CONTRACTORS ASSOCIATION OF NEW ENGLAND, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union's membership at a special Notified Meeting on November 20, 2002, approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

### WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

*FOUNDATION & MARINE CONTRACTORS ASSOCIATION OF NEW ENGLAND*

FOR THE UNION

P.A. O'NEILL
By:

WILLIAM P. RYAN
Business Manager

PRESIDENT
Title:

LOUIS G. RASETTA
President

November 27, 2002
Date:

NORMAN A. TEED
Recording Secretary

November 25, 2002
Date:

80

## CONTRACT EXTENSION
### TERMINATION

The terms and conditions of this Agreement between the LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CON-TRACTORS OF MASSACHUSETTS, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union's membership at a special Notified Meeting on November 20, 2002, approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

### WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

*FOR THE LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

FOR THE UNION

DAVID P. POWELL
By:

WILLIAM P. RYAN
Business Manager

DIRECTOR OF LABOR RELATIONS
Title:

LOUIS G. RASETTA
President

November 26, 2002
Date:

NORMAN A. TEED
Recording Secretary

November 25, 2002
Date:

81

## CONTRACT EXTENSION

### TERMINATION

The terms and conditions of this Agreement between the BUILD-ING TRADES EMPLOYERS ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union's membership at a special Notified Meeting on November 20, 2002, approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

### WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

FOR THE BUILDING TRADES
EMPLOYERS ASSOCIATION OF
BOSTON AND EASTERN
MASSACHUSETTS

FOR THE UNION

THOMAS J. GUNNING
By:

WILLIAM P. RYAN
Business Manager

EXECUTIVE DIRECTOR
Title:

LOUIS G. RASETTA
President

November 26, 2002
Date:

NORMAN A. TEED
Recording Secretary

November 25, 2002
Date:

# INTERNATIONAL UNION of OPERATING ENGINEERS – LOCAL #4
## Wage Settlement Extension To May 31, 2005

| Classification | 6/1/02 | 12/1/02 | 6/1/03* | 12/1/03* | 6/1/04* | 12/1/04* |
|---|---|---|---|---|---|---|
| GROUP 1 | $30.57 | $31.12 | $32.20 | $33.14 | $34.31 | $35.49 |
| Daily Rate (Per Hour) | 34.37 | 35.04 | 36.25 | 37.32 | 38.64 | 39.96 |
| GROUP 1a (Boom length) |  |  |  |  |  |  |
| Over 150 feet | $ 1.40 | $ 1.44 | $ 1.49 | $ 1.54 | $ 1.59 | $ 1.64 |
| Over 185 feet | 2.45 | 2.53 | 2.61 | 2.70 | 2.79 | 2.88 |
| Over 210 feet | 3.45 | 3.55 | 3.67 | 3.79 | 3.92 | 4.05 |
| Over 250 feet | 5.25 | 5.39 | 5.57 | 5.75 | 5.95 | 6.14 |
| Over 295 feet | 7.24 | 7.46 | 7.71 | 7.96 | 8.23 | 8.51 |
| Over 350 feet | 8.43 | 8.69 | 8.98 | 9.27 | 9.59 | 9.90 |
| GROUP 1b | $34.37 | $35.04 | $36.25 | $37.32 | $38.64 | $39.96 |
| GROUP 1c | $31.57 | $32.12 | $33.20 | $34.14 | $35.31 | $36.49 |
| GROUP II | $30.36 | $30.91 | $31.98 | $32.91 | $34.07 | $35.24 |
| GROUP III | $23.82 | $24.16 | $25.01 | $25.72 | $26.63 | $27.56 |
| GROUP IV | $26.90 | $27.34 | $28.29 | $29.11 | $30.14 | $31.18 |
| a. Fireman | 19.92 | 20.14 | 20.85 | 21.43 | 22.20 | 22.98 |
| b. Other than TC/Gradall | 21.81 | 22.09 | 22.87 | 23.50 | 24.35 | 25.20 |
| c. TC or Gradall | 23.68 | 24.01 | 24.85 | 25.56 | 26.47 | 27.39 |
| d. Daily Rate (TC) | 23.58 | 23.91 | 24.75 | 25.45 | 26.36 | 27.27 |
| e. Scow Rate |  |  |  |  |  |  |

| Classification | 6/1/02 | 12/1/02 | 6/1/03* | 12/1/03* | 6/1/04* | 12/1/04* |
|---|---|---|---|---|---|---|
| Daily Rate Differential |  |  |  |  |  |  |
| GROUP II | $2.72 | $2.81 | $2.90 | $3.00 | $3.10 | $3.20 |
| GROUP III | $1.72 | $1.77 | $1.83 | $1.89 | $1.95 | $2.02 |
| Tunnel Differential | $2.11 | $2.18 | $2.25 | $2.32 | $2.40 | $2.48 |
| Health & Welfare | 4.75 | 4.75 | 4.75 | 4.75 | 4.75 | 4.75 |
| Pension | 3.82 | 4.25 | 4.25 | 4.40 | 4.40 | 4.40 |
| Apprenticeship | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Annuity | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| Foundation for Fair Contracting | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 |
| Joint Labor/Management Cooperation Trust | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits |

**OTHER:** Dues Assessment: 1¼% deducted from total Wage and Benefit Package; Social and Political Action Committees, $0.05 per hour.

*The Local may, at its option, utilize parts of these increments for increases to Health & Welfare, Pension, Annuity, Social and Political Action Committees, Dues Deduction, and the Foundation for Fair Contracting.

•HAZARDOUS WASTE: Engineers required to work in the HOT ZONE will receive a $2.00 an hour differential.

# INDEX

| | Part | Article | Section | Page |
|---|---|---|---|---|
| ASSOCIATED GENERAL CONTRACTORS . . . . . | C | | | 39 |
| BUILDING TRADES EMPLOYERS ASSOCIATION . . . . . . . | C | | | 39 |
| CONSTRUCTION INDUSTRY of MASSACHUSETTS . . . . | A | | | 19 |
| FOUNDATION and MARINE CONTRACTORS . . . . . | B | | | 28 |
| APPRENTICESHIP . . . . . . | One | VI | | 8 |
| Classification . . . . . . . . | One | VI | 4 | 9 |
| Crane Rental Industry . . . | One | VI | 7 | 10 |
| Fringe Benefit Plans . . . . | One | VI | 5 | 10 |
| Graduate Apprentices . . . . | One | VI | 7 | 10 |
| Hoisting Machines . . . . . | One | VI | 1&6 | 8&10 |
| Lay Off . . . . . . . . . . . | One | VI | 2 | 8 |
| Probationary . . . . . . . . | One | VI | 5 | 10 |
| Ratio . . . . . . . . . . . . | One | VI | 1 | 8 |
| Step Rate Increase . . . . . . | One | VI | 4 | 9 |
| Transfers . . . . . . . . . . | One | VI | 8 | 10 |
| ARBITRATION . . . . . . . . | Two | XVII | | 62 |
| American Arbitration Association . . . . . . . . | Two | XVII | 2 | 62 |
| Board of Interpretation . . . | Two | XVII | 2 | 62 |
| Plan for Settlement . . . . . | Two | XVII | 5 | 63 |
| Umpire . . . . . . . . . . . | Two | XVII | 3 | 62 |
| AUGERS . . . . . . . . . . . . | B | IV | 3 | 31 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| BENEFIT FUNDS . . . . . . . | Two | XI | | 54 |
| Annuity Fund . . . . . . . . | Two | XI | 12 | 58 |
| Apprentice Fund . . . . . . . | Two | XI | 14 | 58 |
| Cooperative Trust . . . . . . | Two | XI | 15-16 | 58 |
| Pension Fund . . . . . . . . | Two | XI | 11 | 57 |
| Welfare Fund . . . . . . . . . | Two | XI | 10 | 57 |
| 401(k) Fund . . . . . . . . . | Two | XI | 13 | 58 |
| BOILER INSPECTION | | | | |
| LAWS . . . . . . . . . . . . | C | V | 25 | 48 |
| BOOM LENGTHS | | | | |
| Computing . . . . . . . . . | One | VII | 11 | 13 |
| Roofs/Elevated Positions . . | One | VII | 12 | 14 |
| Luffing Booms . . . . . . . . | One | VII | 11 | 13 |
| Tower Cranes . . . . . . . . | One | VII | 11 | 13 |
| BUILDING COMMITTEE . . | Two | XI | 17 | 58 |
| CABS . . . . . . . . . . . . . | One | VII | 5 | 12 |
| CAISSONS . . . . . . . . . . . | B | IV | 5 | 32 |
| CHANGING FACILITIES . . | One | VII | 20 | 15 |
| | A | V | 5 | 25 |
| CHISEL TRUCKS . . . . . . . | One | VII | 15 | 14 |
| CLAM SHELLS . . . . . . . . | One | VII | 10 | 13 |
| COFFEE BREAKS . . . . . . . | C | V | 28 | 48 |
| COMPRESSORS . . . . . . . . | One | VII | 19 | 15 |
| CONVEYORS . . . . . . . . . | One | VII | 3 | 11 |
| CRANE CAPACITY . . . . . . | One | V | 3 | 7 |
| CRANE CERTIFICATION . . | One | V | 5 | 8 |
| DAILY RATE on | | | | |
| TRUCK CRANES | | | | |
| AGC/BTEA . . . . . . . . . . | C | V | 29 | 49 |
| CIM . . . . . . . . . . . . . | A | IV | 10 | 24 |
| FMC . . . . . . . . . . . . . | B | IV | 17 | 36 |

88

| | Part | Article | Section | Page |
|---|---|---|---|---|
| DELINQUENT FRINGE | | | | |
| PAYMENTS . . . . . . . . . | Two | XI | 4 | 55 |
| DISCRIMINATION . . . . . . | One | II | 4 | 3 |
| DRILL SHAFT | | | | |
| OPERATIONS . . . . . . . . | B | IV | 5 | 32 |
| DRILL ATTACHMENTS . . . | B | IV | 5 | 32 |
| DUES DEDUCTION . . . . . | Two | XIV | 1 | 60 |
| EMPLOYEE | | | | |
| TRANSPORTATION . . . | B | IV | 22 | 37 |
| EQUIPMENT . . . . . . . . . | One | VII | 9 | 13 |
| Assembly . . . . . . . . . . | One | VII | 9 | 13 |
| Breakdown . . . . . . . . . | A | IV | 4 | 22 |
| . . . . . . . . . | B | IV | 18 | 36 |
| . . . . . . . . . | C | V | 10 | 44 |
| Erection . . . . . . . . . . | One | VII | 9 | 13 |
| Fabrication . . . . . . . . . | One | VII | 9 | 13 |
| Maintenance . . . . . . . . . | One | VII | 9 | 13 |
| Moving . . . . . . . . . . . | One | VII | 9 | 13 |
| Moving (Providing | | | | |
| Transportation) – CIM | A | IV | 12 | 24 |
| Moving (Providing | | | | |
| Transportation) – FMC | B | IV | 22 | 37 |
| Repair . . . . . . . . . . . . | One | VII | 9 | 13 |
| Welding . . . . . . . . . . | One | VII | 9 | 13 |
| ERECTION OF | | | | |
| EQUIPMENT . . . . . . . . | C | V | 20 | 47 |
| ESCORT VEHICLES . . . . . | One | VII | 7 | 13 |
| . . . . . . . . . . | C | VI | 1b | 49 |
| EXTRA MACHINE . . . . . . | C | V | 17 | 46 |
| FANS, SUMMER & | | | | |
| WINTER . . . . . . . . . . . | One | VII | 5 | 12 |

89

| | Part | Article | Section | Page |
|---|---|---|---|---|
| FIREMAN | B | IV | 9&10 | 34 |
| | C | V | 23 | 48 |
| FLOATING EQUIPMENT | B | IV | 12 | 34 |
| FOREMAN MECHANIC | A | IV | 6 | 23 |
| Working With Tools | A | IV | 6 | 23 |
| FORTY (40) HOUR GUARANTEE | One | VIII | 1 | 15 |
| FOUNDATION FOR FAIR CONTRACTING | Two | XI | 16 | 58 |
| FOUNDATION FOR FAIR CONTRACTING | Two | XVI | | 61 |
| GREASE TRUCKS | One | VII | 6 | 12 |
| HARMONY | One | V | 2 | 7 |
| HAZMAT CLEANUPS | One | VII | 14 | 14 |
| HEADING MECHANICS | A | V | 7 | 26 |
| HEATERS | | | | |
| Grouped | C | V | 18 | 46 |
| On Equipment | One | VII | 5a | 12 |
| | B | IV | 15 | 36 |
| | C | V | 22 | 47 |
| Power Driven | One | VII | 2 | 11 |
| HIGH WINDS | One | X | 3 | 18 |
| HOISTING MACHINES | One | V | 1 | 7 |
| Apprentice Engineers | One | VI | 6 | 10 |
| Apprentice Ratio | One | VI | 1 | 8 |
| Engineer Only | One | V | 1 | 7 |
| HOLIDAYS | One | IV | 1-7 | 5&6 |
| HOURS | | | | |
| AGC/BTEA | C | III | 1-5 | 41 |
| Rented Equipment | C | VI | 4 | 51 |
| CIM | A | II | 1-3 | 20 |
| FMC | B | II | 1-6 | 29 |

90

| | Part | Article | Section | Page |
|---|---|---|---|---|
| INCLEMENT WEATHER | One | X | 1-3 | 18 |
| INDIVIDUAL EXCAVATORS | One | V | 4 | 7 |
| INDUSTRIAL FORK LIFTS | One | VII | 15 | 14 |
| JURISDICTION | C | II | | 40 |
| JURISDICTIONAL DISPUTE PLAN | Two | XVII | 5 | 63 |
| LEADS | B | IV | 1-4 | 30-32 |
| LIABILITY INSURANCE | Two | XII | | 59 |
| LIGHTERS | B | IV | 12 | 34 |
| LOCKOUTS | One | II | 5 | 4 |
| LOW WATER WORK | B | II | 6 | 30 |
| MAINTENANCE ENGINEERS | B | IV | 7 | 33 |
| Lighted Traffic Signs | A | IV | 13 | 25 |
| Wellpoint Systems | C | V | 12 | 44 |
| MASTER MECHANICS | | | | |
| Not Required – CIM | A | IV | 1 | 22 |
| Not Required – FMC | B | IV | 20 | 37 |
| Operating | C | V | 11b | 44 |
| Shift Work | A | IV | 6 | 23 |
| With Six or More Engineers | A | IV | 5 | 23 |
| With Six or More Engineers | B | IV | 19 | 36 |
| With Six or More Engineers | C | V | 11 | 44 |
| MATERIAL MOVERS | One | VII | 16 | 14 |
| MEMBERSHIP REQUIREMENTS | One | II | 3 | 3 |
| MEMORANDUM OF AGREEMENT | Two | XXI | | 68 |

91

| | Part | Article | Section | Page |
|---|---|---|---|---|
| NEW EQUIPMENT . . . . . | One | VII | 13 | 14 |
| OFF SHIFT . . . . . . . . . . | A | IV | 8 | 24 |
| ORDINARY REPAIRS . . . . | C | V | 9 | 43 |
| OVERTIME | | | | 42 |
| AGC/BTEA . . . . . . . . . . | C | IV | | 42 |
| CIM . . . . . . . . . . . . . | A | III | 1-2 | 21 |
| FMC . . . . . . . . . . . . . | B | III | | 30 |
| OWNER/OPERATORS . . . . | One | III | 3 | 4 |
| PAY DAY . . . . . . . . . . . | C | V | 4-7 | 43 |
| PICKET LINES . . . . . . . . . | A | IV | 9 | 24 |
| PILE DRIVERS . . . . . . . . . | B | IV | 1-4 | 30-32 |
| PLANT AIR or STEAM . . . | B | IV | 7 | 33 |
| . . . . . . . . . . . . . . | C | V | 12 | 44 |
| POLITICAL ACTION | | | | |
| COMMITTEE . . . . . . . . | Two | XV | 1 | 60 |
| PRIME SOURCE of | | | | |
| SKILLED LABOR . . . . . . | One | II | 2 | 2 |
| PUMPS . . . . . . . . . . . . . | One | VII | 1 | 11 |
| Single Diaphragm (2 hours | | | | |
| a day) . . . . . . . . . . . . | B | IV | 13 | 35 |
| . . . . . . . . . . . . | C | V | 14 | 46 |
| Single Diaphragm | | | | |
| (Grouped) . . . . . . . | B | IV | 14 | 35 |
| . . . . . . . . . . | C | V | 15 | 46 |
| Submersible Electric . . . . | One | VII | 18 | 15 |
| . . . . . . . . | B | IV | 8 | 34 |
| . . . . . . . . | C | V | 13 | 45 |
| RENTED EQUIPMENT . . . | C | VI | 1-8 | 49-52 |
| ROBOTIC CONTROLLED | | | | |
| EQUIPMENT . . . . . . . . | One | VII | 14 | 14 |
| SATURDAYS & SUNDAYS | One | X | 1-3 | 18 |
| SAFETY and EDUCATION | One | V | 5 | 8 |

92

| | Part | Article | Section | Page |
|---|---|---|---|---|
| SAVINGS CLAUSE | | | | |
| AGC/BTEA . . . . . . . . . . | C | VIII | | 53 |
| CIM . . . . . . . . . . . . . | A | VII | | 27 |
| FMC . . . . . . . . . . . . . | B | VI | | 38 |
| SCHEDULE OF WAGES . . . | Two | XXIV | | 72 |
| SCOPE OF AGREEMENT | | | | |
| AGC/BTEA . . . . . . . . . . | C | VII | | 52 |
| CIM . . . . . . . . . . . . . | A | | VI | 26 |
| FMC . . . . . . . . . . . . . | B | V | 1-2 | 37 |
| SCOPE OF EMPLOYMENT | | | | |
| CIM . . . . . . . . . . . . . | A | I | 1-3 | 19 |
| FMC . . . . . . . . . . . . . | B | I | | 28 |
| SCOWS . . . . . . . . . . . . . | B | IV | 12b | 35 |
| SHAFTS & TUNNELS . . . . | A | V | 1-7 | 25 |
| SHIFTS | | | | |
| AGC/BTEA . . . . . . . . . . | C | III | 4&5 | 41 |
| CIM – Two Shifts . . . . . . | A | II | 3 | 21 |
| – Three Shifts . . . . . | A | IV | 7 | 23 |
| – Shafts & Tunnel | | | | |
| Work . . . . . . . | A | V | 1 | 25 |
| FMC . . . . . . . . . . . . . | B | II | 4-5 | 29 |
| SLURRY BUCKETS . . . . . . | One | VII | 10 | 13 |
| SOCIAL ACTION | | | | |
| COMMITTEE . . . . . . . . | Two | XV | 1-2 | 60-61 |
| SOLE and EXCLUSIVE | | | | |
| AGENCY . . . . . . . . . . . | One | II | 1 | 2 |
| SONIC HAMMERS . . . . . . | One | VII | 4 | 12 |
| Crane Without Leads . . . . | B | IV | 1 | 30 |

93

|  | Part | Article | Section | Page |
|---|---|---|---|---|
| STARTING TIMES |  |  |  |  |
| Assistant Engineer/ |  |  |  |  |
| Apprentice – AGC/ |  |  |  |  |
| BTEA . . . . . . . . . . . | C | V | 21 | 47 |
| Assistant Engineer/ |  |  |  |  |
| Apprentice – CIM . . . . | A | III | 2 | 21 |
| Assistant Engineer/ |  |  |  |  |
| Apprentice – FMC . . | B | IV | 11 | 34 |
| STEWARDS . . . . . . . . . . . | One | IX | 1-3 | 17-18 |
| STRAIGHT OR BROKEN |  |  |  |  |
| TIME, DAILY RATE . . . . | B | IV | 16 | 36 |
| . . . . . . . . . . | C | V | 2 | 42 |
| STRIKES . . . . . . . . . . . . . | One | II | 5 | 4 |
| SUBSISTENCE . . . . . . . . . . | B | IV | 21 | 37 |
| . . . . . . . . . . | C | V | 24 | 48 |
| Rented Equipment . . . . . | C | VI | 1 | 49 |
| SWINGER ENGINES . . . . | B | IV | 12a | 35 |
| TERMINATION . . . . . . . . . | Two | XXIII |  | 70 |
| TEST PILE WORK . . . . . . | One | VIII | 1e | 17 |
| TIDE WORK . . . . . . . . . . | B | II | 6 | 30 |
| TOOLS |  |  |  |  |
| Furnishing . . . . . . . . . . . | A | IV | 3 | 22 |
| Safekeeping . . . . . . . . . . | A | IV | 11 | 24 |
| TRAVEL & SUBSISTENCE | C | VI | 1 | 49 |
| TRAVELING TIME . . . . . . | C | V | 1 | 42 |
| VIBRATORY HAMMERS . . | One | VII | 4 | 12 |
| Crane Without Leads . . . . | B | IV | 1 | 30 |
| WELDING MACHINES . . . | One | VII | 17 | 15 |
| WELLPOINT SYSTEMS |  |  |  |  |
| Assembling & Connecting | B | IV | 7 | 33 |
| Installation & Dismantling | One | VII | 8 | 13 |
| Maintenance Engineers . . . | C | V | 12 | 44 |

94

|  | Part | Article | Section | Page |
|---|---|---|---|---|
| WIND BREAKERS . . . . . . | One | VII | 5B | 12 |
| WITNESS |  |  |  |  |
| AGC/BTEA . . . . . . . . . . | C | IX |  | 53 |
| CIM . . . . . . . . . . . . . . | A | VIII |  | 27 |
| FMC . . . . . . . . . . . . . . | B | VII |  | 38 |
| WORK STOPPAGE . . . . . . | A | IV | 9 | 24 |
| WORK REQUIRED ON |  |  |  |  |
| MACHINE . . . . . . . . . . | C | V | 10 | 44 |
| WORK WEEK . . . . . . . . . | One | VIII |  | 15 |
| Completion of Work . . . . | One | VIII | 1a | 15 |
| Guarantee 40 Hours . . . . | One | VIII | 1 | 15 |
| Layoff . . . . . . . . . . . . . | One | VIII | 1d | 16 |
| Payroll Period . . . . . . . . | One | VIII | 1c | 16 |
| Quitting . . . . . . . . . . . . | One | VIII | 2 | 17 |
| Rehire . . . . . . . . . . . . . | One | VIII | 1d | 16 |
| Straight Time . . . . . . . . | One | VIII | 1 | 15 |
| Termination Clause . . . . . | One | VIII | 3 | 17 |
| Test Pile Work . . . . . . . . | One | VIII | 1e | 17 |
| Winter Shut Down . . . . . | One | VIII | 1b | 16 |
| WORKERS |  |  |  |  |
| COMPENSATION . . . . . | Two | XXII |  | 69 |
| CONTRACT EXTENSION — Construction Industries of |  |  |  |  |
| Massachusetts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79 |  |  |  |  |
| CONTRACT EXTENSION — Foundation and Marine |  |  |  |  |
| Contractors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80 |  |  |  |  |
| CONTRACT EXTENSION — Associated General |  |  |  |  |
| Contractors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81 |  |  |  |  |
| CONTRACT EXTENSION — Building Trades Employers |  |  |  |  |
| Association . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82 |  |  |  |  |
| WAGE SETTLEMENT EXTENSION . . . . . . . . . . . . . . 84 |  |  |  |  |

95

# SEGAL, ROITMAN & COLEMAN

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
STEPHANIE R. PRATT
GREGORY A. GEIMAN

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915-1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. MCKENNA, JR.
PAUL S. HOROVITZ

* Also Admitted to the
New Hampshire Bar

**Also Admitted to
the California Bar

September 2, 2004

BY CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND FIRST CLASS MAIL
Harold H. Penney, Jr., President
Penney Construction Corp.
85 Charles Street
Bridgewater, MA 02324

Re:   International Union of Operating Engineers Local 4 Trust Funds

Dear Ms. Penney:

This office represents the I.U.O.E. Local 4 Trust Funds for purposes of collecting delinquent fringe benefit contributions. I have been advised that Penney owes the Funds $17,023.15 in unpaid contributions and interest for work performed between August, 2003 and January, 2004. This letter constitutes a demand for payment of these delinquent contributions and interest.

Please be advised that failure to pay will result in litigation in which case Penney will be liable for liquidated damages and attorney's fees in addition to the contributions and interest.

Thanking you in advance for your prompt attention to this matter, I am

Very truly yours,

Anne R. Sills

Anne R. Sills

cc:   Gina Alongi
      Jim Bucci

ARS/ars&yr
3118 04-370/company.doc

TEL: (617) 742-0208 • FAX: (617) 742-2187



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 1160 0004 4200 2467

Sent To _3118 04-370 com pala doc
Street, Apt. No.; _International Highway_
or PO Box No. _Over Engineers Lane (V Tasker_
City, State, ZIP+4

PS Fo rm 3800, June 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harold H. Penney, Jr., President
Penney Construction Corp.
85 Charles Street
Bridgewater, MA  02324

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _J. Penny_                          ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                       9-9-04

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7004 1160 0004 4200 2467

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540