UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS  FILED

IN CLERKS OFFICE

Civil Action No. 04-12463 MLW

2005 APR -3 P 3: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Louis Rasetta, and John J. Shaugnessy as they are Trustees, International Union of Operating Engineers Local 4 Health and Welfare, Pension and Annuity Funds and Louis Rasetta And Christopher Barletta, as they are Trustees, Hoisting and Portable Engineers Local 4 Apprentice and Training Funds and International Union of Operating Engineers Local 4, Plaintiffs, <br><br> v. <br><br> Penney Construction Corp. Defendant, <br><br> and <br><br> T.R. White Co., Inc. Reach-and Apply Defendant <br><br> and <br><br> Sovereign Bank Trustee | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ANSWER OF THE DEFENDANT, PENNEY CONSTRUCTION CORP.

## NATURE OF ACTION

1.     The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 1 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

## JURISDICTION

2.      The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 2 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

## PARTIES

3.      The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 3 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

4.      The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 4 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

5.      The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 5 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

6.      The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 6 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

7.      The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 7 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

8.      The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 8 of the plaintiff's complaint insofar that it is a Massachusetts corporation with a principal place of business at 85 Charles Street, Bridgewater,

2

Massachusetts. The Defendant leaves proof of the remaining allegations to be established by the plaintiff.

9.    The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 9 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

10.    The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 10 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

## GENERAL ALLEGATIONS OF FACT

11.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 11 of the plaintiff's complaint.

12.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 12 of the plaintiff's complaint.

13.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 13 of the plaintiff's complaint.

14.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 14 of the plaintiff's complaint.

## COUNT I – VIOLATION OF ERISA – DELINQUINT CONTRIBUTIONS

15.    The Defendant, Penney Construction Corp., re-alleges and repeats all preceding responses as if set forth word for word in their entirety.

16.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 16 of the plaintiff's complaint.

17.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 17 of the plaintiff's complaint.

18.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 18 of the plaintiff's complaint insofar that it has failed to pay the Funds the $15,478.18 in contributions and dues owed for the period August, 2003 through January 2004. The Defendant denies the remaining allegations and leaves proof of the remaining allegations to be established by the plaintiff.

19.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 19 of the plaintiff's complaint insofar that it has failed to pay the Funds the $15,478.18 in contributions and dues owed. The Defendant denies the remaining allegations and leaves proof of the remaining allegations to be established by the plaintiff.

20.    The Defendant, Penney Construction Corp., denies the allegations set forth in paragraph No. 20 of the plaintiff's complaint.

21.    The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 21 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

## COUNT II – VIOLATION OF LMRA – DELINQUENT CONTRIBUTIONS AND INTEREST

22.    The Defendant, Penney Construction Corp., re-alleges and repeats all preceding responses as if set forth word for word in their entirety.

23.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 23 of the plaintiff's complaint insofar that it has failed to pay the

4

Funds $15,478.18 in contributions and dues owed. The Defendant denies the remaining allegations and leaves proof of the remaining allegations to be established by the plaintiff.

COUNT III – VIOLATION OF LMRA DUES

24.    The Defendant, Penney Construction Corp., re-alleges and repeats all preceding responses as if set forth word for word in their entirety.

25.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 25 of the plaintiff's complaint insofar that it has failed to pay the Funds $15,478.18 in contributions and dues owed. The Defendant denies the remaining allegations and leaves proof of the remaining allegations to be established by the plaintiff.

26.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 26 of the plaintiff's complaint insofar that it has failed to pay the Funds $15,478.18 in contributions and dues owed. The Defendant denies the remaining allegations and leaves proof of the remaining allegations to be established by the plaintiff.

COUNT IV – REACH AND APPLY AGAINST T.R. WHITE CO., INC.

27.    The Defendant, Penney Construction Corp., re-alleges and repeats all preceding responses as if set forth word for word in their entirety.

28.    The Defendant, Penney Construction Corp., admits the allegations set forth in paragraph No. 28 of the plaintiff's complaint insofar that it worked as a subcontractor to T.R. White on the Milton, Massachusetts project that is the subject of this suit. The Defendant, neither admits nor denies the remaining allegations s as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

29.     The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 29 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

30.     The Defendant, Penney Construction Corp., neither admits nor denies the allegations set forth in paragraph No. 30 of the plaintiffs' complaint as it is without sufficient knowledge or information to form a belief as to the truth of said allegations.

## RELIEF REQUESTED

Wherefore the Defendant, Penney Construction respectfully requests:

a.     This Honorable deny the plaintiff Funds request for an order of attachment of the machinery, inventory and accounts receivable of defendant Penney;

b.     This Honorable Court deny the plaintiff Funds request for an order of attachment by trustee process of the bank accounts of Penney held by Sovereign Bank;

c.     This Honorable Court deny the plaintiff Funds request for a preliminary and permanent injunction enjoining Penney from refusing or failing to make contributions and pay dues and interest to Plaintiff Funds;

d.     This Honorable Court enter judgment in favor of the plaintiff Funds in the amount of $15,478.18, but deny the plaintiff Funds request for additional amounts determined by the Court to be owed by Penney, deny any interest requested, and deny attorneys fees, and costs;

e.     This Honorable Court deny the plaintiff Funds request for a temporary restraining order against T.R. White as requested insofar as it places any restraint upon

Penney Construction or puts any restraint upon Penney Construction in receiving any accounts from T.R. White for sums owed to the defendant Penney.

     f.     This Honorable only grant relief in the form of a Judgment against the defendant Penney Construction in favor of the plaintiff Funds in the amount of $15,478.18, but deny the plaintiff Funds any other relief insofar as this Complaint concerns the defendant, Penney Construction.

Respectfully submitted,

Penney Construction Corp.

By its attorneys,

Allan H. Tufankjian, Esq. BBO# 504040
Rodney B. Simmons, Jr., Esq. BBO# 647874
Tufankjian, Danehey, Osterberg & McDonald
25 Crescent Street
Brockton, MA 02301
(508) 583-3939

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12463 MLW

Louis Rasetta, and John J. Shaugnessy )
as they are Trustees, International Union )
of Operating Engineers Local 4 Health and Welfare, )
Pension and Annuity Funds and Louis Rasetta )
And Christopher Barletta, as they are Trustees, )
Hoisting and Portable Engineers Local 4 )
Apprentice and Training Funds and International )
Union of Operating Engineers Local 4, )
　　　　　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　 )
Penney Construction Corp. )
　　　　　　　　　　Defendant, )
　　　　and )
　　　　　　　　　　　　　　　　　　 )
T.R. White Co., Inc. )
　　　　　Reach-and Apply Defendant )
　　　　　　　　　　　　　　　　　　 )
　　　　and )
　　　　　　　　　　　　　　　　　　 )
Sovereign Bank )
　　　　　　　　　　Trustee )
　　　　　　　　　　　　　　　　　　 )

## CERTIFICATE OF SERVICE

I, Rodney B. Simmons, Jr., Esq., hereby certify that a true copy of the Answer of the Defendant, Penney Construction Corp. was served upon:

Randall E. Nash, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108

T.R. White Co., Inc.
368 Congress Street
Boston, MA 02210

by first class mail, postage pre-paid on April 6, 2005.

Rodney B. Simmons, Jr., Esq.